IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHNNY HARKNESS, #0586-18 2A,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL CASE NO. 3:18-CV-1577-S-BK** |
| | § | |
| **ERIC THOMPSON,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil rights case was referred to the United States Magistrate Judge for judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

## I.   BACKGROUND

This civil action arises out of Plaintiff Johnny Harkness' pending state prosecution for burglary of a habitation in Ellis County Case No. 41363CR. Doc. 5 at 3-4; Doc. 10 at 1.[1] Harkness is represented by court-appointed counsel and is a pretrial detainee in the Wayne McCollum Detention Center in Waxachachie, Texas, awaiting trial. Doc. 10 at 1. From what the Court can glean from his *Amended Complaint* and *Answers to Magistrate Judge's Questionnaire*, Harkness alleges (1) that he was wrongfully arrested in violation of his constitutional rights and (2) that the pending criminal proceedings are unfair because there is no evidence against him. Doc. 5 at 3; Doc. 10 at 4; *see also* Doc. 3 at 1-2. He also alleges that his vehicle was seized and towed following his February 16, 2016 arrest, and that it was subsequently sold at an auction in March or April 2016 without his knowledge or consent. Doc.

---

[1] The criminal docket sheet is available through Count Public Records Online at http://countyinfosearch.com/home.html (last accessed on Aug. 23, 2018).

10 at 2-3, 5.  Plaintiff seeks dismissal of the state burglary charge and $1,500 in compensatory damages for the alleged wrongful sale of his vehicle.  Doc. 10 at 4.

## II.   ANALYSIS

### A.  Request to Dismiss of State Criminal Charge

The Court must first examine the threshold question of whether it has subject matter jurisdiction in this case.  It is an issue of paramount concern that should be addressed, *sua sponte* if necessary, at any time throughout the proceedings.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (stating that a "federal court may raise subject matter jurisdiction *sua sponte*"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time the federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met in this case where Harkness attempts to dismiss a pending state-court criminal proceeding.  What Harkness requests this Court do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin*, 575 F. App'x

517, 519 (5th Cir. 2014) (per curiam); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 85 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). As noted, the state criminal case for burglary of a habitation is still pending, and it is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Harkness can raise his claim in the state trial court where, importantly, he is represented by counsel. Finally, this case does not fall within the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Harkness cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over the claim challenging his pending state-court criminal proceeding. *See Boyd*, 575 F. App'x at 519 (dismissing injunctive relief claims by pretrial detainee relating to his pending criminal prosecution under the *Younger* abstention doctrine).

### B. Wrongful Sale of Vehicle Allegations

The Court next addresses Harkness' claim for monetary damages stemming from the purported wrongful sale of his vehicle. Although Plaintiff paid the applicable filing fee, this claim is still subject to preliminary screening under 28 U.S.C. § 1915A, which provides for the *sua sponte* dismissal of a complaint if the Court finds that, *inter alia*, it fails to state a claim upon which relief may be granted. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (holding section 1915A screening provision applies to all prisoners' actions against governmental entities,

their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Harkness' filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, his wrongful-sale claim should be summarily dismissed as time barred.

Harkness maintains his vehicle was wrongfully sold in March or April 2016.  Based on that fact, the deadline for filing suit was April 2018—two years after the sale.  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (holding that section 1983 actions in Texas are governed by the two-year personal injury limitations period and that court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2018).  However, June 11, 2018 is the earliest possible date on which Plaintiff's original, handwritten letter-complaint can be deemed filed.[2]  Doc. 3 at 1.

Harkness has not and cannot demonstrate that he is entitled to equitable tolling of the limitations period because of a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN. §

---

[2] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff dated his original, handwritten letter-complaint June 11, 2018, Doc. 3 at 1, so it had to be mailed on or after that date.

4

16.001(a) (West 2018) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Moreover, his imprisonment does not provide a basis to toll the statute of limitations under Texas law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). As such, Harkness' allegations regarding the wrongful sale of his property fail to state a claim to relief. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Harkness clearly establish a lack of federal question jurisdiction relating to the pending criminal proceeding. In addition, it is clear based on the alleged facts that his wrongful-sale claim is fatally deficient, having been filed outside of the applicable limitations period. Furthermore, the Court has already given Harkness the opportunity to supplement his complaint by his *Answers to Magistrate Judge's Questionnaire*. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claim seeking to dismiss the pending state criminal case should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine and that his wrongful-sale claim be **DISMISSED WITH PREJUDICE** under 28

U.S.C. § 1915A(b)(1) for failure to state a claim. This case should then be closed.

**SO RECOMMENDED** on September 12, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE